# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RITA D. BROWN, | ) |
|     Plaintiff, | ) |
| v. | )   CAUSE NO.: 1:17-CV-446-TLS |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the Social<br>Security Administration, | )<br>)<br>) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Rita Diane Brown seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her supplemental security income and erred by improperly relying on the opinion of state agency doctors when formulating her residual functioning capacity and improperly evaluating her symptom testimony.

## BACKGROUND

On September 16, 2011, the Plaintiff protectively filed an application for supplemental security income, alleging disability beginning on February 16, 2009. (R. 11.) Her claims were denied initially on December 13, 2011, and upon reconsideration on March 26, 2012. (*Id.*) On June 28, 2013, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Charles H. McBee, a vocational expert, also appeared and testified at the hearing. (*Id.*) On September 6, 2013, the ALJ denied the Plaintiff's application,

finding she was not disabled as of her application date.[1] (R. 8–26.) On July 26, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On September 20, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. *Id.* § 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In this case, the ALJ found that the Plaintiff has been unable to engage in SGA since the application date, September 16, 2011. (R. 14.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under § 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including lumbar degenerative disc disease and

---

[1] The ALJ considered only the time period after September 16, 2011, the date of the Plaintiff's application, because supplemental security income is not payable prior to the month following the month in which the application was filed. (R. 11.)

2

depression. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work and had lasted for at least twelve months as required under the statute. (*Id.*) The ALJ found that the Plaintiff's history of deep vein thrombosis was non-severe within the meaning of the Social Security Act. (R. 16.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do, despite her limitations—to determine whether he can perform "past relevant work," § 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1, and found that the Plaintiff had mild restriction in activities of daily living, mild difficulties with social functioning, and moderate difficulties with regard to concentration, persistence, and pace. (R. 18.) The ALJ determined that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(a), noting that:

> She can lift, carry, push and pull ten pounds frequently and twenty pounds occasionally, sit (with normal breaks) for approximately six hours during an eight-hour workday and stand/walk (with normal breaks) for approximately six hours during an eight-hour workday, and balance, stoop, crouch, kneel, crawl and climb ramps and stairs on occasion, but can never climb ladders, ropes, or scaffolds. While she cannot perform complex or detailed tasks, she retains the mental residual

functional capacity to perform simple, routine and repetitive tasks that are consistent with unskilled work and is able to sustain and attend to these tasks throughout the workday. As to social contacts, she is limited to superficial interactions with co-workers, supervisors, and public with superficial interaction defined as occasional and casual contact not involving prolonged conversation or discussion of involved issues. Her contact with supervisors still involves necessary instruction.

(R. 18–19.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her application date. In making this finding, the ALJ considered all of the claimant's symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective medical evidence and other evidence based on the requirements for 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p. (R. 19.)

The Plaintiff has no past relevant work experience. (R. 24.) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 25.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of the date of her application. (R. 26.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if

4

substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the ALJ erred by improperly relying on the opinion of the State agency doctors when formulating her RFC and improperly evaluating the Plaintiff's symptom testimony. The Court agrees with the Plaintiff that the ALJ improperly relied on the opinion of State agency doctors when formulating her RFC.

While the ALJ may have focused her analysis on the governing rulings and regulations provided by the Social Security Administration, her analysis is not consistent with binding Seventh Circuit precedent. The parties agree that, in this case, the ALJ gave great weight to medical opinions from Dr. Wenzler and Dr. Sands, and that these two opinions did not include an analysis of two MRI reports because the two MRI reports were not available at the time the opinions were rendered. The MRIs apparently show a worsening of the Plaintiff's physical condition, and therefore may have changed the reviewing physician's medical opinions. As such, under binding Seventh Circuit precedent, the ALJ was required to take additional steps to ensure the accuracy of these opinions given the change in circumstances before affording them great weight. *See, e.g.*, *Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) (remanding where ALJ credited state-agency physician opinions that did not interpret later MRI results); *Moreno v. Berryhill*, 882 F.3d 722, 728–29 (7th Cir. 2018) ("An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." (citing cases)); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (remanding where "the ALJ erred by continuing to rely on an outdated assessment by a non-examining physician and by evaluating himself the significance of [the doctor's] report"). In these cases, the common thread is that new medical evidence or assessments which call into question the reliability of prior medical opinions warrant further

expert analysis. Otherwise, an ALJ risks "playing doctor" when she interprets the medical evidence to determine whether a prior medial opinion is consistent with the new medical evidence. *See Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding where ALJ provided its own interpretation of medical evidence); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("[T]he administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence." (citing cases)); *see also Stage*, 812 F.3d at 1125. Here, the Commissioner argues that "[a]lthough [the doctors] did not review the entire record . . . the ALJ considered later-developed evidence throughout her decision, thereby accounting for any later medical evidence the [doctors] could not consider." (Resp. 8, ECF No. 18.) This, however, is "playing doctor." Accordingly, under binding circuit precedent, the case must be remanded.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on August 31, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT